# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **KEVIN CUPP** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 6:23-cv-855** |
| | § | |
| **NUCOR CORPORATION** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COMES NOW Plaintiff, Kevin Cupp, and files his Original Complaint, complaining of Defendant Nucor Corporation, and in support thereof, would respectfully show this Honorable Court as follows:

## I.
## PARTIES

1. Plaintiff, Kevin Cupp, is an individual resident of Louisiana and has standing and capacity in this case.

2. Defendant, Nucor Corporation, is a foreign for-profit corporation doing business in the State of Texas and maintains agents and agencies in the State of Texas. In accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be effected by serving the citation through their registered agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## II.
## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.00, excluding interest and costs.

5. This Court also has personal jurisdiction over Defendant because Defendant is authorized to do business in the State of Texas and maintain contacts with the State of Texas that are continuous, systematic, and ongoing in such a manner that Defendant is "at home" in the forum state. Defendant has purposefully availed itself of the benefits and protections of doing business in the State of Texas, such that it could reasonably expect to respond to Plaintiff's complaints herein.

## III.
## VENUE

6. Venue is proper in the Western District of Texas, Waco Division, because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391 (b)(2).

## IV.
## FACTS

7. On or about November 5, 2023, Plaintiff, was a contractor performing industrial painting duties when he was horrifically injured in a fire during hot work activities being performed ("Incident"). As a result of the Incident, Plaintiff caught on fire and suffered serious and significant injuries and damages. Plaintiff alleges Defendant's actions and/or omissions proximately caused the Incident made the basis of this lawsuit.

## V.
## CLAIMS AGAINST DEFENDANTS NUCOR

**A.  NEGLIGENCE**

8. At the time and on the occasion in question, Defendant NUCOR committed acts and omissions, which collectively and separately constituted negligence. Defendants had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary prudence under the same or similar circumstances. Defendants breached that duty in one or more of the following ways:

a. Negligently supervising and/or monitoring the work;

b. Failing to properly maintain equipment;

c. Failing to provide adequate training;

d. Failing to provide adequate safety measures and procedures;

e. Failing to properly inspect and monitor their equipment;

f. Failing to have and/or enforce a hot work permitting program;

g. Failing to provide Plaintiffs with a safe place to work and requiring them to work in unsafe conditions;

h. Failing to institute precautionary measures to protect individuals working on the premises and work site;

i. Failing to provide proper instruction;

j. Failing to properly follow safety protocols and policies, proper safety monitoring, and control practices;

k. Failing to give adequate warnings to Plaintiff of an unsafe condition;

l. Failing to adequately identify and designate a dangerous condition;

m. Failing to take appropriate and reasonable action to protect Plaintiff;

n. Failing to provide adequate equipment; and

  o. Other acts and/or omissions deemed to be negligent.

  9. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and damages.

**B.** **PREMISES LIABILITY**

  10. Plaintiff was an invitee of Defendant as a contractor of NUCOR at the time of the Incident. Defendant was in possession of the premises and had a duty to exercise ordinary care to keep the premises in a reasonably safe condition, including a duty to have and enforce a hot work permitting program, a duty to make safe or warn invitees of a dangerous condition, and a duty to not injure invitees willfully, wantonly, or through gross negligence. The condition of the area where Plaintiff weas injured posed an unreasonable risk of harm and Defendant had actual knowledge, or reasonably should have known, of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition. Defendant knew, or in the exercise of reasonable care, should have known not having a hot work permit presented a dangerous hazard to invitees such as Plaintiff. Defendant breached its duty of ordinary care by failing to have and enforce a hot work permitting program and make the premises safe for reasonable use by Plaintiff and other invitees. Defendant also breached its duty of ordinary care by not correcting the dangerous condition or failing to warn Plaintiff of the existence of the dangerous condition. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to have and enforce a hot work permitting program at the premises, correct the condition, or warn Plaintiff, constituted negligence that was a proximate cause of the occurrence in question and Plaintiffs' resulting injuries and damages.

11. Defendants breached their duty owed to Plaintiff by failing to use ordinary care to take reasonable and adequate precautions, provide reasonable safety or to provide an adequate warning to Plaintiff of an unreasonable risk of harm that Defendant, as reasonable and prudent owners, managers and operators of the premises, knew or should have known about. Defendant failed to exercise that degree of care that a reasonable and prudent owner, manager and operator would have under the same or similar circumstances.

12. Defendant's failure to take reasonable steps to have and enforce a hot work permitting program, prior to this Incident, proximately caused Plaintiff's injuries and damages. The harm of not having and enforcing a hot work permitting program, was reasonably foreseeable, and it was a fundamental obligation of Defendants as the premises owners, managers and operators to take reasonable steps to prevent this terrible Incident, which could have been avoided, and which was a non-delegable duty.

C.   **GROSS NEGLIGENCE**

13. Plaintiff alleges that all acts, conduct, and/or omissions on the part of Defendant, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendant's acts and/or omissions, when viewed objectively from Defendant's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

**D.   NEGLIGENT UNDERTAKING**

14.    Defendant also committed acts and/or omissions, singularly or in combination, that constituted negligent undertaking. Defendant undertook to perform operations at the work site, including the hot work procedure, on the date of the Incident. At all times material, Defendant had a duty to use reasonable care to perform this work in a manner for the safety of all invitees, including Plaintiff. Defendant undertook to perform such work that it knew or should have known was necessary for the safety and protection of all invitees, including Plaintiff. Defendant recognized or should have recognized performing such work in a safe manner was necessary for the protection of all invitees, including Plaintiff. Invitees, such as Plaintiff, relied upon Defendant to properly have and enforce a hot work permitting program to perform work in a safe manner in order to prevent incidents such as the Incident in question. Defendant failed to exercise reasonable care in the performance of this undertaking, and thereby increased the risk of harm to the invitees on site, including Plaintiff. Such negligence and failure to exercise reasonable care proximately caused the incident as well as Plaintiff's injuries and damages herein.

## VI.
## DAMAGES

15.    As a result of this incident, Plaintiff suffered serious injuries and seeks compensation for the following damages:

   a.   Past and future mental anguish;

   b.   Past and future physical pain and suffering;

   c.   Past and future bodily impairment and disability;

   d.   Past and future medical expenses;

   e.   Past and future lost wages or loss of earning capacity;

   f.   Loss of household services;

  g.  Loss of enjoyment of life;

  h.  Disfigurement and scarring;

  i.  Costs of suit;

  j.  Exemplary damages;

  k.  Pre-judgment and post-judgment interest as allowed by law; and

  l.  Any and all other damages to which Plaintiff may be justly entitled.

## VII.
## PRESERVATION OF EVIDENCE

  16.  Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the Incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced Incident. Failure to maintain such items, including but not limited to any other items previously requested and demanded to be preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

## PRAYER

  For the foregoing reasons, Plaintiff prays that the Defendant be cited to appear and answer herein. Upon final trial by jury, which is hereby demanded, Plaintiff is entitled to have judgement against Defendant and requests that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 – Telephone
(713) 225-0827 – Facsimile
maziz@awtxlaw.com

-and-

**ROBERT STEM, JR.**

*/s/ Robert Stem, Jr.*
ROBERT STEM, JR.
State Bar No. 24068667
801 Washington Ave., Ste. 300
Waco, Texas 76701
(254) 776-0554
(254) 442-7937 – Facsimile
robert@rstemlaw.com

**ATTORNEYS FOR PLAINTIFF**